

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable J. Stanley Wright, Member
Texas Board of Chiropractic Examiners
Littlefield Building
Austin, Texas

Dear Sir:                         Opinion No. O-5966
                                  Re: Authority of Texas Board
                                      of Chiropractic Examiners
                                      to conduct a post graduate
                                      or refresher course.

          Your opinion request of April 14, 1944, reads as
follows:

     "Section 6 of the Chiropractic Act provides
     that licensees under the Chiropractic Act shall

          "'----attend some Post Graduate course
     satisfactory to the Board and/or at
     least one four-day or more educational
     refresher course or institute as con-
     ducted by the Board----'

     "Section 2 provides, with respect to the funds
     of the Board:

          "'----The Treasurer shall keep the same in
     a separate fund to be used in paying the
     necessary expenses of the Board, which may
     include expenses incurred for the advance-
     ment and education of all licensees under
     this Act.----'

     "Considering the above, it is the desire of the
     Board to conduct a four-day Post Graduate and

Honorable J. Stanley Wright, Page 2

refresher course some time before the expiration of the current license year.  It is the desire of the Board to bring to Texas at least four nationally-known educators to give lectures and demonstrative work to the licensees.  To obtain these men, it will be necessary for the Board to agree to pay each of them at least $100.00 per day, plus actual traveling expenses incurred by these men.  It will also be necessary for the Board to rent a hall or auditorium and incur certain necessary expenses usual and customary for putting on a class such as the above mentioned.  Of course, it is to be understood that if the required educators can be brought here without cost or less charge, the Board would naturally take the benefit of the saving. The question is asked merely so that the Board may know that it has authority to conduct such an education course and pay for same out of the Chiropractic Fund.

"Question I:  Is the Board authorized, under the Act, to give refresher courses such as above referred to and if so, is the Board entitled to pay the fee and traveling expenses of the doctors brought here, together with the incidental expenses for conducting the course?

"If Question I is answered in the affirmative, please answer Question II.

"Question II:  If the Board conducts a Post Graduate or refresher course, will it be allowed to charge a reasonable and uniform fee for such course?"

Section 8 of the Article 4512a V. A. C. S., partially quoted in your letter as Section 6 of the Chiropractic Act, provides that as a prerequisite to a renewal of their licenses all chiropractors must "attend some Post Graduate course satisfactory to the Board and/or at least one four-day or more educational refresher course or institute as conducted by the Board under the

Honorable J. Stanley Wright, Page 3

rules of the Board and/or the Texas State Chiropractic Association Incorporated." In addition, as you state, the Act authorizes the funds of the Board to be expended, inter alia, for the "education of all licensees under this Act." In our opinion these provisions confer upon the Board the power to operate a post graduate or refresher course of the type outlined in your letter and to expend the funds of the Board therefor. Consequently, your first question is answered in the affirmative.

Apart from that portion of the Act which authorizes the expenditure of the funds of the Board for the education of licensees, the Act contains no provision with respect to the method by which the expenses of the refresher courses are to be met. The Act nowhere specifically authorizes a fee to be charged for such courses; and, we feel, the authority to charge such a fee may not be implied from any portion of the Act. As was said by our Supreme Court in Fort Worth Cavalry Club v. Sheppard, 83 S. W. (2d) 660:

"All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean the act of a public officer must be expressly authorized by law, or implied therefrom. 22 R. C. L., p. 555, ¶114."

In accordance with this principle, we answer your second question in the negative.

Trusting that the foregoing fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:fo


APPROVED
OPINION COMMITTEE
BY
CHAIRMAN